IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES L. FANTROY ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1889-K |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Countrywide Home Loans, Inc.'s Motion for Summary Judgment, filed June 1, 2007. Plaintiffs have not responded to the motion and have presented no summary judgment evidence. After review and consideration of the motion, summary judgment evidence, and the applicable law, the court has determined that there is no genuine issue of material fact present in the summary judgment record. Therefore, for the reasons that follow, Defendant's Motion for Summary Judgment is **granted.**

I.   **Factual and Procedural Background**

Plaintiffs obtained a mortgage loan in the principal amount of $149,772 in January 2004. In connection with the loan, Plaintiff James Fantroy executed a promissory note (the "Note") and both Plaintiffs executed a deed of trust (the "Deed of

1

Trust"). Defendant Countrywide Home Loans has been the servicer on Plaintiffs' mortgage loan from its inception.

Plaintiffs defaulted on their loan in August 2004. Therefore, Defendant sent Plaintiffs a notice of default on October 11, 2004, informing them they were in default on the loan, and stating that failure to cure the default would lead to acceleration of the loan and initiation of foreclosure proceedings. On November 4, 2004, Defendant sent Plaintiffs a letter informing them that Defendant anticipated that HUD would take ownership of their property upon foreclosure, and that Plaintiffs could submit a request to HUD for permission to continue living in the property. Plaintiffs then requested assistance from Defendant, and on November 23, 2004, Plaintiffs and Defendants entered into a Special Forbearance Agreement ("SFA"). The SFA allowed Plaintiffs to catch up their past due payments by making installment payments, while postponing foreclosure proceedings.

Plaintiffs then defaulted on their loan payments and the terms of the SFA in July 2005. On November 3, 2005, Defendant sent Plaintiffs another notice of default. This notice of default stated that Plaintiffs were in default on the loan, and that failure to cure the default would lead to acceleration of the loan balance and initiation of foreclosure proceedings. On November 4, 2005, Defendant requested additional time from HUD, so that it could work with Plaintiffs to offer another loss mitigation option.

HUD approved the requested extension of time, postponing foreclosure proceedings through March 12, 2006.

During the extension of time, Defendant and Plaintiffs and completed the loss mitigation option of a Partial Claim. Under the Partial Claim, Plaintiffs were to make a payment of $1,408.29 on March 1, 2006. Plaintiffs did not make this payment, and because they failed to do so, they no longer qualified for any further loss mitigation options because they could not obtain clear title to the property.

On May 8, 2006, Defendant sent Plaintiffs another notice of default. Because Plaintiffs had remained delinquent on their mortgage and did not comply with the terms of the SFA, Defendant retained the firm of Barrett Burke as its foreclosure counsel. Barrett Burke sent debt collection letters to Plaintiffs in June 2006 and August 2006. The letters from Barrett Burke stated that because Plaintiffs were in default, Defendant had elected to accelerate the maturity of the loan and schedule a foreclosure sale of the property. Defendant held a foreclosure sale on September 5, 2006. After the sale, Defendant learned that Plaintiffs had obtained a temporary restraining order to block the sale. Defendant has not evicted Plaintiffs from the property, although they have made no mortgage payments on the loan since February 2006. Plaintiffs admit that they were in default on their loan obligations as of the date they filed this case.

Plaintiffs filed suit against Defendant in state court on September 1, 2006, alleging that Defendant failed to provide them with "loss mitigation entitlements" and

did not negotiate in good faith to afford them the opportunity to cure any deficiencies related to the loan. Defendant subsequently removed the case to this court, and now moves for summary judgment on all of Plaintiffs' claims.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

## III. Defendant's Motion for Summary Judgment

Defendant contends on summary judgment that there is no genuine issue of

material fact as to any of Plaintiffs' claims, and that therefore it is entitled to judgment as a matter of law. The court agrees, and will address each of Plaintiffs' claims below.

### A. Failure to Provide Loss Mitigation Options

Plaintiffs assert that they were entitled to loss mitigation options under the Deed of Trust and applicable federal regulations, and that Defendant failed to provide such remedies to them. Seeking dismissal of this claim, Defendant argues that under the National Housing Act, 12 U.S.C. § 1701, *et seq.,* there is no private right of action available to a mortgagor for a mortgagee's noncompliance. The court agrees. As other courts have observed, the regulations promulgated under the National Housing Act govern relations between the mortgagee and the government, and give the mortgagor no claim for duty owed or for the mortgagee's failure to follow said regulations. *Roberts v. Cameron-Brown Co.,* 556 F.2d 356, 360-61 (5th Cir. 1977); *In re Miller,* 124 Fed. Appx. 152, 155 (4th Cir. 2005); *Leggette v. Washinton Mutual Bank,* 2005 WL 2679699, *5 (N.D. Tex. 2005); *Baker v. Northland Mortgage Co.,* 344 F. Supp. 1385 (N.D. Ill. 1972). To the extent that Plaintiffs base their claim for failure to provide loss mitigation options on these regulations, it must be dismissed.

In addition to the federal regulations, Plaintiffs claim that they did not receive loss mitigation entitlements as provided by the Deed of Trust. Defendant also moves for summary judgment on this claim, arguing that it did offer Plaintiffs the loss mitigation options provided in the Deed of Trust, and also worked with Plaintiffs to take

5

other loss mitigation measures. Specifically, Defendant points to language in the Deed of Trust stating that in the event of Plaintiffs' default, they had a right to be reinstated by tendering all amounts needed to bring their account current.

The undisputed summary judgment record shows that Defendant offered Plaintiffs this loss mitigation option on several occasions, notifying Plaintiffs of their default and informing them of their right to cure the default by paying the total amount due. These loss mitigation efforts by Defendant were also consistent with the requirements of Texas law. *See Ogden v. Gibraltar Savings Assn.,* 640 S.W.2d 232, 233 (Tex. 1982) (holder of a delinquent mortgage note secured by a deed of trust must provide notice offering opportunity to cure default and notify mortgagor that failure to cure will result in acceleration and foreclosure); Tex. Prop. Code § 51.002(d) (written notice of default must be sent by certified mail and give debtor at least 20 days to cure default before notice of foreclosure sale can be given). The record further shows that Defendant worked with Plaintiffs on additional loss mitigation options beyond those provided in the Deed of Trust, such as the SFA and the Partial Claim. Plaintiffs have not disputed any of these facts, and thus the court finds that there is no genuine issue of material fact regarding this claim, so that Defendant is entitled to judgment as a matter of law.

    **B.**    **Bad Faith**

Plaintiffs' second claim alleges that Defendant failed to negotiate with them in

6

good faith to allow them to cure any deficiencies with regard to their mortgage. Defendant seeks summary judgment on this claim, arguing that under Texas law, no duty of good faith arises from the mortgagor-mortgagee relationship. *See, e.g., FDIC v. Coleman,* 795 S.W.2d 706, 709 (Tex. 1990) (relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith); *English v. Fischer,* 660 S.W.2d 521, 522 (Tex. 1983) (no duty of good faith between homeowners and mortgagee); *UMLIC VP LLC v. T&M Sales and Environmental Sys., Inc.,* 176 S.W.3d 595, 612 (Tex. App. – Corpus Christi 2005, rev. denied) (relationship between mortgagor and mortgagee does not imply common law duty of good faith); *White v. Mellon Mortgage Co.,* 995 S.W.2d 795, 800 (Tex. App. – Tyler 1999, no pet. h) (neither loan servicer nor mortgagee owed mortgagor a duty of good faith). The court agrees that as their loan servicer, Defendant did not owe Plaintiffs a duty of good faith.

Furthermore, even if Defendant was legally obligated to act in good faith (which it was not), the undisputed factual record shows that it did act in good faith in dealing with Plaintiffs' repeated defaults on their loan. Defendant sent Plaintiffs multiple notices of default informing them of their opportunity to cure, obtained an extension of time from HUD on Plaintiffs' behalf, and assisted Plaintiffs by providing them with a SFA and a Partial Claim. Accordingly, for both of these reasons, Defendant is entitled to judgment as a matter of law on this claim.

**III.     Conclusion**

For above-stated reasons, Defendant's Motion for Summary Judgment is **granted**, and Plaintiffs' claims are hereby **dismissed with prejudice**. Judgment will be entered by separate document.

**SO ORDERED**.

Signed July 24th, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE